NO. No. 22-50936

---

On Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-444

---

MWK RECRUITING INCORPORATED,,
Plaintif–Appellee,

v.

EVAN JOWERS,
Defendant–Appellant.

---

PETITION FOR PANEL REHEARING

---

Matthew Larosiere
*Attorney for Appellant*
6964 Houlton Cir,
Lake Worth FL 33467
Tel: (561) 452 7575
Larosieremm@gmail.com

## INTRODUCTION

This cause stems from a dispute over an employment contract, non-compete agreement, and alleged trade secrets. Following a bench trial, on September 15, 2022, the United States District Court for the Western District of Texas entered judgment for Plaintiff/Appellee MWK Recruiting. Appellant timely appealed, and on April 1, 2024, this Court issued an unpublished decision, affirming the district court's judgment. Pursuant to Federal Rule of Appellate Procedure 40, Mr. Jowers files this petition for panel rehearing. Mr. Jowers respectfully requests that this honorable Court vacate its decision because it contains errors of fact and law, and restore the case to the calendar for re-argument or re-submission. Fifth Cir. Loc. R. 40.2.

Specifically, Mr. Jowers contends that the evidence the panel identified as sufficient for the lower court to find that the candidate information was a trade secret was grounded in impermissible hearsay which should have been disregarded by the lower court, but instead was embraced as support in its opinion. Op. 3.[1] ("[H]e testified that MWK's customers requested that he keep their information

[1] Citations to "Op. __" refer to page numbers in this Court's April 1, 2024, opinion issued in this case. Citations to "EJ IB. __" refer to page numbers in Mr. Jowers 'opening brief, which was filed on September 15th, 2023. Citations to "CH AB. __" refer to page numbers in the Appellee's answering brief, which was filed on November 30th, 2023. Citations to EJ RB __" refer to page numbers in Mr. Jowers's reply brief, which was filed on January 5th, 2024.

secret.").[2] It was "a bench trial, and, as such, it is presumed that the trial judge relied only upon properly admitted and relevant evidence." *United States v. Dillon*, 436 F.2d 1093, 1095 (5th Cir. 1971). The candidates who were competent to testify to what they told Mr. Jowers were prevented from attending the trial. (Doc. 332).

Furthermore, appellant fears the panel misapplied this Court's holding in *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) to find that Mr. Jowers did not sufficiently raise the affirmative defense of unclean hands for the lower court to rule on it. *Webster* was concerned with putting an argument before a district court sitting in its appellate capacity reviewing the decision of an administrative law judge. Conversely, in the case at bar, the district court sat as the trial court and finder of fact.

Moreover, since the Federal Trade Commission has proposed a rule change that would ban nationwide non-competes and restrictive covenants that function as

---

[2] It is of acute concern to Appellant that, after over seven years of litigation focusing in large part on whether "candidates" (who have no financial, contractual or other direct relationship with the recruiting company, and who can freely share their career plans and private personal secrets with anyone, including other recruiters) should be treated the same as "customers" or "clients" in other industries. Appellant fears this honorable Court mischaracterized Mr. Jowers' trial testimony when claiming that Mr. Jowers testified that his *customers* requested that he keep their information secret. At no time in trial testimony or over seven years of litigation has Mr. Jowers ever referred to or considered the *candidates* as *customers*. Customers of a business pay for goods or services, whereas candidates never pay for any goods or services when being career advised or being placed by Mr. Jowers or any other attorney recruiters. Clients have a financial connection to companies and there are binding agreements between companies and their clients, but this is not the case with attorney recruiting companies and the candidates they recruit for their actual clients, the law firms.

non-competes, it is likely that the law upon which the panel's decision rests will change before Mandate issues and the case becomes final. *See* [proposed] Federal Trade Commission Rule §§ 910.1, 910.2, & 910.4. These would amend the Code of Federal Regulations to add 16 C.F.R. §§ 910.1, 910.2, & 910.4. https://www.ftc.gov/legal-library/browse/federal-registernotices/non-compete-clause-rulemaking. This Court must apply changes in the law when "reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *See Hernandez-Rodriguez v. Pasquarell*, 118 F.3d 1034, 1042 (5th Cir. 1997).

## BACKGROUND

This appeal concerns a judgment from the District Court holding that Appellant, Evan Jowers ("Mr. Jowers") was liable to Counsel Holdings (formerly MWK Recruiting) for damages resulting from the misappropriation of trade secrets, breach of the Jowers Agreement, the Forgivable Loan Agreement, and the Revolving Loan Agreement.

On April 1st, 2024, The Court of Appeals held for Appellee, Counsel Holdings, and upheld the District Court's order. In its ruling, the lower Court relied on invalid evidence and uncertain law, given the current guidance from the FTC that will alter the usage of non-compete clauses in contractual relations. Additionally, this Court asserts a defense from Mr. Jowers was not properly preserved even though the defense of "unclean hands," had been repeatedly asserted by Mr. Jowers' in pleadings, pre-trial motions, and other proceedings in the lower court. *See generally*, ROA.7189-7197, ROA.7313-7327, ROA.7192, ROA.7323.

## ARGUMENT

Panel rehearing is appropriate where the court has overlooked a point of law or fact. Fed. R. App. P. 40(a)(2). Under this Court's local rules, panel rehearing is appropriate where the movant claims that the panel's opinion contained "errors of fact or law." Fifth Cir. Loc. R. 40.2. The Court may, after granting rehearing, "restore the case to the calendar for re-argument or resubmission" Fed. R. App. P. 40(a)(4). Mr. Jowers requests that this Court grant this petition for panel rehearing and restore the case to the calendar for re-argument or resubmission.

### I. This Court improperly affirmed Plaintiff's misappropriation of trade secrets claim because such judgment was based on improperly admitted evidence, and no reasonable factfinder could have found for Plaintiff.

As to whether the customer information at issue in the case constitutes a "trade secret" as contemplated by Texas or federal law, Appellee "failed to present any testimony from any of its candidates or potential candidates as to whether or not their career-related information was, in fact 'not generally known' and not 'readily ascertainable through proper means.'" ROA.12019, ROA.12265; EJ IB.26. The panel pointed to Mr. Jowers' alleged hearsay statements in his trial testimony that the "customers requested that he keep their information secret." Opn. at 3.[3] But in bench trials, "it is presumed that the trial judge relied *only upon properly admitted* and

[3] There is no record of Mr. Jowers ever stating that "customers requested he keep their information secret."

relevant *evidence*." *United States v. Dillon*, 436 F.2d 1093, 1095 (5th Cir. 1971) (emphasis added).[4] Hearsay statements, even if improperly admitted, cannot constitute the requisite evidentiary basis to sustain the district court's finding that the candidates career-related information was not generally known, to other recruiting firms or otherwise—and certainly not ascertainable through proper means, *i.e.*, by simply asking them. *Id.*

Interestingly, the hearsay statements of the affected "candidates" were only hearsay due to the positions of Appellee, and were ultimately excluded on grounds of notice.[5] (Doc. 332). The individuals were excluded from testifying at trial by the district court after Appellee successfully argued that these were "mystery witnesses" who could not provide any relevant information if allowed to testify at trial, and yet

[4] Appellee for the first few years of this litigation proactively and loudly demanded a trial by jury, but after the first two depositions of Appellee's former employees, Appellee urgently and successfully filed an opposed motion to strike the jury, notwithstanding Mr. Jowers' great efforts to fight for his right to a jury trial. The lower court ultimately ruled that Mr. Jowers would not be afforded a jury trial. This was around the same time that the lower court erroneously granted Appellee's motion for an anti-suit injunction, that was overturned by this honorable Court after a complex and costly interlocutory appeal by Mr. Jowers.

[5] Mr. Jowers sought to have the six trade secret candidates testify as witnesses at trial, but Appellee was able to successfully strike these and other key witnesses on procedural grounds, only days before trial. Further, the district court ruled only one business day before trial that all of Mr. Jowers' witnesses had to testify in person in Austin, Texas, even though they were in Europe and Asia, in the middle of a global Covid pandemic, with 14 to 21 day quarantines upon return to their home countries, travel restrictions preventing their coming to the United States, and with some having Covid infected immediate family members in their homes at the time.

the out-of-court statement of those same individuals were the basis of the judgment below.

Consequently, since the judgment below was based primarily on impermissible inferences from hearsay statements, and given *Dillon*, it cannot be said the judgment below was based on competent evidence. As a result, the lower court's findings that the candidate's information was not readily available through proper means was not supported by the record, and therefore, clearly erroneous.

### II. This Court improperly denied Mr. Jowers 'unclean hands defense because Mr. Jowers adequately preserved such a defense in the proceedings below.

Further, the panel's refusal to consider Mr. Jowers's unclean hands affirmative defense is based on a misreading of *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021), which is distinguishable. The waiver in *Webster* arose from a failure to assert an argument made to the district court sitting in its capacity reviewing the cold record of an administrative law judge. *Id*. at 718. Since this was a bench trial, the panel should have focused its analysis on whether Mr. Jowers "put before the district court its argument that" Appellee's "intentional[] fail[ure] to procure the work visa for Mr. Jowers . . . was sufficient to permit the district court to rule on the essential argument" that it acted with unclean hands. *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 428 (5th Cir. 2002); ROA.9984-9985, ROA.12165, ROA.12301, ROA.12467-12469. Given that it was a major part of the trial, Appellant respectfully

submits that it was adequately preserved, as opposed to the cold administrative law review record in *Webster*.

### III. This Court improperly affirmed the Plaintiff's breach of contract claims because the noncompete clauses underlying them will be invalid as a matter of law.

At the bottom, the mandate has not been issued yet and the opinion is not final. And it is clear that "no opinions become 'final until the mandate issues[.]" *Carver v. Lehman*, 558 F.3d 869, 878 (9th Cir.2009); *see also* Fed R.App. P. 41(c), 1998 Adv. Comm. Note ('A court of appeals' judgment or order is not final until issuance of the mandate[.]')." *Nat. Res. Def. Council, Inc. v. Cnty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013). This is important because FTC rulemaking is imminent, which will ban nationwide noncompetes and restrictive covenants that function as non-competes. *See* [proposed] Federal Trade Commission Rule §§ 910.1, 910.2, & 910.4 would amend the Code of Federal Regulations to add 16 C.F.R. §§ 910.1, 910.2, & 910.4). [https://www.ftc.gov/legal-library/browse/federal-registernotices/non-compete-clause-rulemaking](https://www.ftc.gov/legal-library/browse/federal-registernotices/non-compete-clause-rulemaking). Once that happens, a large swath of the law upon which the panel's opinion relies, and the underlying judgment, will be changed, and the Court will have to apply it. *See Hernandez-Rodriguez v. Pasquarell*, 118 F.3d 1034, 1042 (5th Cir. 1997).

Under the FTC's new regulation, the banning of noncompete agreements may be retroactive. As this Court has observed, when "a reviewing court ... examines

whether the regulation clearly expresses whether it is to be applied retroactively," and "[i]f there is no clear expression as to retroactivity, the court then considers whether the regulation would have a retroactive effect." *Germain v. US Bank Nat'l Ass'n as Tr. for Morgan Stanley Mortg. Loan Tr. 2006-7*, 920 F.3d 269, 274-75 (5th Cir. 2019) (quoting *Perez Pimentel v. Mukasey*, 530 F.3d 321, 326 (5th Cir. 2008)). The proposed ban at issue in this case will have a dispositive or mooting effect on Plaintiff's claim**.** As discussed above, "[w]hen a court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open *on direct review* and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Iturbe- Covarrubias* v. *Gonzales,* 183 F. App'x 425, 428-29 (5th Cir. 2006) "[U]nquestionably the judiciary must generally apply changes in the law to cases pending on appeal[.]" *Hernandez- Rodriguez* v. *Pasquarell,* 118 F.3d 1034, 1042 (5th Cir. 1997); *quoting Robertson* v. *Seattle Audubon Soc'y*, 503 U.S. 429, 439-41, 112 S.Ct. 1407. 1414. 118 L.Ed.2d 73 (1992). Plaintiff-Appellee's claims for breach may be nullified retroactively based on the forthcoming regulation. Consequently, Plaintiff's agreements will be voided as a result of the litigation, mooting Plaintiff's claims for breach.

## CONCLUSION

Mr. Jowers respectfully requests that the Honorable Court amend its April 1st Order, reverse the Final Judgment from the District Court, and remand this case with instructions to enter a judgment for him on MWK's trade secret misappropriation counts (Counts I and II of the Second Amended Complaint) and breach of contract (restrictive covenants) count (Count III), and/or any other relief this court finds equitable.

Respectfully submitted,

/s/ Matthew Larosiere
*Attorney for Appellant*
6964 Houlton Cir,
Lake Worth FL 33467
Tel: (561) 452 7575
Larosieremm@gmail.com

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 31, I hereby certify that on this fifteenth day of April, 2024, the foregoing petition for panel rehearing was served upon opposing counsel and all others registered for service in this case via the Court's ECF Filing system.

/s/ Matthew Larosiere
Matthew Larosiere

## CERTIFICATE OF COMPLIANCE

I hereby certify that this petition complies with the type-volume and type style limitations of Fed. R. App. P. 32 because it contains 2195 words, was prepared in a proportionally spaced typeface using Microsoft Word 365, in 14 point, Times New Roman font for the body text, and 12 point, Times New Roman font in footnote text.

/s/ Matthew Larosiere
Matthew Larosiere

Dated: April 15, 2024.